IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KRAIG PAYNE,

        Plaintiff,

v.                                                                          Case No. 25-cv-1011-NJR

J.B. PRITZKER,

        Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Payne's original complaint (Doc. 1), alleging that Governor J.B. Pritzker failed to protect him, was dismissed without prejudice for failure to state a claim (Doc. 12). He was granted leave to file an amended pleading. In his Amended Complaint (Doc. 13), Payne alleges that Governor Pritzker was personally responsible for various constitutional violations that Payne experienced at Lawrence.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Payne's Amended Complaint once again alleges that Governor Pritzker was personally responsible for the violations he experienced at Lawrence. He alleges that Governor Pritzker learned of violations of his rights but failed to take any action to remedy the situation (Doc. 13, p. 4). Governor Pritzker allegedly failed to properly train or supervise his subordinates (*Id.*). He alleges that the governor's employees failed to keep him safe (*Id.*). Payne alleges that he filed a claim regarding his serious pain or offenses, but Governor Pritzker failed to respond, and his injuries got worse (*Id.* at p. 5).

Payne alleges that the nature of his complaint at Lawrence includes a wide variety of events including food, conditions, sexual abuse, and mishandling of his mail (Doc. 13, p. 5). Payne alleges that his letter and complaint should have reached the governor's desk by now (*Id.*). But Payne also alleges that Governor Pritzker wrote to him and said that he was going to help Payne (*Id.*). Payne believes that he has also faced staff retaliation (*Id.*).

Payne also alleges that he has several exhibits that will support his claim, including copies of the personal letter and other complaints he sent to Governor Pritzker, the governor's acknowledgment, and a second letter (*Id.* at p. 6). None of these documents are attached to his Amended Complaint.

## Discussion

As the Court previously informed Payne, a successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627

(7th Cir. 1990). Federal Rule of Civil Procedure 8(a) requires a complaint to set forth "a short and plain statement of [Plaintiff's claim(s)] showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. FED. R. CIV. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Payne once again fails to state a viable claim. His Amended Complaint, though plain and mostly legible, is difficult to decipher.[1] He alleges that Governor Pritzker is personally involved in the constitutional violations that he experienced at Lawrence, but Payne fails to identify those violations. Instead, he merely alleges that he experienced "a wide spread of events" and notes that his experiences included "food conditions sexual abuse [and] importantly, mail handling" (Doc. 13, p. 5). He fails to allege pertinent facts about his experiences, including *when* these events occurred, *whom* he spoke to about these conditions, and *when* he submitted his letter to the governor's office. Payne alleges that the governor submitted a response to one of his filings, but he fails to allege the complaints addressed in those letters to the governor or the statements made by the governor in the response. Payne not only fails to allege that Governor Pritzker was aware

---

[1] Some of his allegations, although legible, lack clear meaning, and other passages are indecipherable. For instance, Payne alleges that "The harm suffered is staff retaliation which has grown on his behalf, every report should be taking serious by not if [indecipherable] deliberate indifference to my health and safety." (Doc 13, p. 5). He fails to explain neither the retaliation he suffered nor the deliberate indifference he experienced.

of the constitutional violations that Payne experienced at the prison, but he also fails to even identify the specific conditions and constitutional violations he experienced at Lawrence.

Payne also alleges that Governor Pritzker created policies allowing and encouraging illegal actions (Doc. 13, p. 4), but he fails to identify those policies and customs that led to the alleged illegal conduct. Payne alleges that the governor failed to train or supervisor his employees, but he fails to even indicate how the failure to train staff led to a constitutional violation.[2] Thus, Payne once again fails to state a claim.

This is Payne's second attempt at filing a viable claim, and he has been unable to do so. The Court finds that further amendment would be futile.

## Disposition

For the reasons stated above, Payne's Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Payne's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Payne is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[2] Failure to train claims are usually against municipalities, not individuals. Although Payne indicates that he is proceeding under *Monell v. Dep't of Social Services,* 436 U.S. 658 (1978), such claims do not apply to states or its agencies and departments. *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001); *Joseph v. Board of Regents*, 432 F.3d 746, 748-49 (7th Cir. 2005) ("The [Supreme] Court has been clear, however, that *Monell's* holding applies only to municipalities and not states or states' departments.")

If Payne wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Payne does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Payne may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  November 4, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**